JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lessard Design, Inc.

## DEFENDANTS
O'Neill Properties Group, L.P. d/b/a O'Neill Properties Group, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Billet and Associates, LLC
2000 Market Street, Suite 2803
Philadelphia, PA 19103-3201    (215) 496-7500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of contract for architectural services

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
247,689.20

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 07/03/2019

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LESSARD DESIGN, INC. | : | NO. |
| | : | |
| v. | : | |
| | : | |
| O'NEILL PROPERTIES GROUP, L.P., | : | |
| d/b/a O'NEILL PROPERTIES GROUP; | : | |
| MLP VENTURES GROUP HOLDING, | : | |
| LLC, d/b/a MLP VENTURES; MLP | : | |
| VENTURES GROUP, LLC, d/b/a MLP | : | |
| VENTURES; MLP VENTURES | : | |
| OPERATIONS, LLC, d/b/a MLP | : | |
| VENTURES; MLP VENTURES | : | |
| PROPERTY DEVELOPMENT, LLC, | : | |
| d/b/a MLP VENTURES; MLP VENTURES | : | |
| PROPERTY MANAGEMENT II, LLC, | : | |
| d/b/a MLP VENTURES; MLP VENTURES | : | |
| PROPERTY MANAGEMENT, LLC, d/b/a | : | |
| MLP VENTURES; and MLP VENTURES, | : | |
| INC. | : | CIVIL ACTION |

**COMPLAINT**

Plaintiff Lessard Design, Inc. ("Lessard"), by and through its attorneys, Billet & Associates, LLC, hereby seeks damages arising from a breach of contract against defendant O'Neill Properties Group, L.P., doing business as O'Neill Properties Group ("O'Neill"), as well as its successor(s) MLP Ventures Group Holding, LLC, MLP Ventures Group, LLC, MLP Ventures Operations, LLC, MLP Ventures Property Development, LLC, MLP Ventures Property Management II, LLC, MLP Ventures Property Management, LLC, and MLP Ventures, Inc., all doing business as MLP Ventures ("MLP Ventures"), and, in support thereof, avers the following:

## PARTIES

1. Plaintiff Lessard Design, Inc., is a corporation existing under the laws of the state of Virginia, registered to do business, and doing business, in the State of New Jersey, with its headquarters and principal place of business located at 8521 Leesburg Pike, Suite 700, Vienna Virginia 2182.

2. Defendant O'Neill Properties Group, L.P., doing business as "O'Neill Properties Group" (hereinafter "O'Neill") is a limited partnership existing under the laws of Pennsylvania, and at all times relevant hereto then located at 2701 Renaissance Boulevard, Fourth Floor, King of Prussia, Pennsylvania 19406, and now located at 201 King of Prussia Road, Suite 501, Radnor Pennsylvania 19087.

4. Defendant O'Neill conducts significant and regular business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets and courts of the State of New Jersey.

5. Defendant MLP Ventures Group Holding, LLC, doing business as "MLP Ventures," is a limited liability corporation existing under the laws of Pennsylvania, and located at 201 King of Prussia Road, Suite 501, Radnor Pennsylvania 19087.

6. Defendant MLP Ventures Group Holding, LLC conducts significant and regular business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets and courts of the State of New Jersey.

7. Defendant MLP Ventures Operations, LLC, doing business as "MLP Ventures," is a limited liability corporation existing under the laws of Pennsylvania, and located at 201 King of Prussia Road, Suite 501, Radnor Pennsylvania 19087.

8. Defendant MLP Ventures Operations, LLC conducts significant and regular business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets and courts of the State of New Jersey.

9. Defendant MLP Ventures Property Development, LLC, doing business as "MLP Ventures," is a limited liability corporation existing under the laws of Pennsylvania, and located at 201 King of Prussia Road, Suite 501, Radnor Pennsylvania 19087.

10. Defendant MLP Ventures Property Development, LLC conducts significant and regular business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets and courts of the State of New Jersey.

11. Defendant MLP Ventures Property Management, LLC, doing business as "MLP Ventures," is a limited liability corporation existing under the laws of Pennsylvania, and located at 201 King of Prussia Road, Suite 501, Radnor Pennsylvania 19087.

12. Defendant MLP Ventures Property Management, LLC conducts significant and regular business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets and courts of the State of New Jersey.

13. Defendant MLP Ventures Property Management II, LLC, doing business as "MLP Ventures," is a limited liability corporation existing under the laws of Pennsylvania, and located at 201 King of Prussia Road, Suite 501, Radnor Pennsylvania 19087.

14. Defendant MLP Ventures Property Management II, LLC conducts significant and regular business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets and courts of the State of New Jersey.

15. Defendant MLP Ventures, Inc., doing business as "MLP Ventures," is a corporation existing under the laws of Pennsylvania, and located at 201 King of Prussia Road, Suite 501, Radnor Pennsylvania 19087.

16. Defendant MLP Ventures, Inc., conducts significant and regular business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets and courts of the State of New Jersey.

17. Defendants MLP Ventures Group Holding, LLC, MLP Ventures Group, LLC, MLP Ventures Operations, LLC, MLP Ventures Property Development, LLC, MLP Ventures Property Management II, LLC, MLP Ventures Property Management, LLC, and MLP Ventures, Inc., are hereinafter referred to as "MLP Ventures."

## JURISDICTION AND VENUE

18. This Court has personal jurisdiction over defendants because the cause of action asserted herein arose out of the defendant's contacts within this state, because, at all relevant times, they contracted to perform the design and development of land in New Jersey.

19. Defendants also conducted business in the State of New Jersey and the causes of action asserted herein arose from, and are connected to, purposeful acts taken by defendants in New Jersey.

20. Defendants' contacts with New Jersey were continuous and systematic.

21. Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this case because it is a lawsuit between parties of diverse citizenship and the amount in controversy exceeds $75,000.

22. Venue is proper in this court pursuant to 28 U.S.C. § 1391, as the causes of action asserted herein arose from the development of land in New Jersey.

## EXHIBITS

23. True and correct copies of the following exhibits to this complaint are attached hereto, made a part hereof, and marked as follows:

Exhibit "A"   Bloormberg profile of O'Neill Properties Group;

Exhibit "B"   Hurdle, Jon "A Project Reclaims an Abandoned Stretch of New Jersey Coast." *The New York Times* 9 March 2016: B4;

Exhibit "C"   Account Receivable Ledger Sayreville Project;

Exhibit "D"   Contract OPG.007A.00D;

Exhibit "E"   Contract OPG.007B.00D;

Exhibit "F"   Contract OPG.007C.00D;

Exhibit "G"   Contract OPG.007D.00D;

Exhibit "H"   Addendum OPG.007D.01D to Contract OPG.007D.00D;

Exhibit "I"   Addendum OPG.007D.02D to contract OPG.007D.00D;

Exhibit "J"   Contract OPG.007F.00D;

Exhibit "K"   Invoices;

Exhibit "L"   Bloomberg profile of MLP Ventures;

Exhibit "M"   O'Neill website, about O'Neill;

Exhibit "N"   MLP website, about MLP;

Exhibit "O"   O'Neill Website -- Royal Belmont Apartments;

Exhibit "P"   O'Neill Properties Website;

Exhibit "Q"   MLP -- Royal Belmont Apartments;

Exhibit "R"   MLP -- Uptown Worthington;

Exhibit "S"   MLP – Sayreville; and

Exhibit "T"   Linkedin Profile of Sharon Sears Slusarski.

5

## FACTS

24. Plaintiff Lessard Design is an architecture firm.

25. Defendant O'Neill is a real estate development company. See Exhibit "A" (Bloormberg profile of O'Neill Properties Group).

26. In 2008, O'Neill purchased a 418-acre site in Sayreville New Jersey for $80,000,000. O'Neill intended to develop a 5.8 million-square-foot project at the site with mixed residential and commercial use, hereinafter referred to as the "Sayreville Project." The expected cost of the "Sayreville Project" was $2,200,000,000. See Exhibit "B" (Hurdle, Jon "A Project Reclaims an Abandoned Stretch of New Jersey Coast." *The New York Times* 9 March 2016: B4).

27. O'Neill and Lessard entered into a series of contracts for architectural services related to the development of the Sayreville Project.

28. In total, there were nine contracts between O'Neill and Lessard for architectural services related to the development of the Sayreville Project. See Exhibit "C" (Account Receivable Ledger Sayreville Project).

29. Lessard invoiced O'Neill $326,577.99 for architectural services related to the development of the Sayreville Project. See Exhibit "C" (Account Receivable Ledger Sayreville Project).

30. O'Neill paid Lessard just $78,888.79 for the invoiced architectural services. See Exhibit "C" (Account Receivable Ledger Sayreville Project).

31. O'Neill owes the remaining balance of $247,689.20, exclusive of interest, penalties, and other costs. See Exhibit "C" (Account Receivable Ledger Sayreville Project).

32. The outstanding balance pertains to 5 of the 9 contracts, and specifically contracts OPG.007A.00D, OPG.007B.00D, OPG.007C.00D, OPG.007D.00D, and OPG.007F.00D. See Exhibit "C" (Account Receivable Ledger Sayreville Project); Exhibit "D" (Contract OPG.007A.00D); Exhibit "E" (Contract OPG.007B.00D); Exhibit "F" (Contract OPG.007C.00D); Exhibit "G" (Contract OPG.007D.00D); and Exhibit "H" (Contract OPG.007F.00D).

33. Contract OPG.007A.00D was entered on October 12, 2015. Exhibit "D."

34. Contract OPG.007B.00D was entered on December 16, 2015. Exhibit "E."

35. Contract OPG.007C.00D was entered on January 18, 2016. Exhibit "F."

36. Contract OPG.007D.00D was entered on April 8, 2016. Exhibit "G."

37. Addendum OPG.007D.01D to contract OPG.007D.00D was entered on May 31, 2016. Exhibit "H."

38. Addendum OPG.007D.02D to contract OPG.007D.00D was entered on July 14, 2016. Exhibit "I."

39. Contract OPG.007.00F was entered on October 13, 2016. Exhibit "J."

40. Notably, the contracts are unsigned. Exhibits "D," "E," "F," "G," and "J."

41. Despite the contracts being unsigned, each of the contracts provides that the client accepts the terms of the contract upon knowingly, allowing Lessard to proceed with the work:

> **ACCEPTANCE OF AGREEMENT**: If upon submission of this agreement to Client, Client fails to return a signed copy to Architect and knowingly allows Architect to proceed with the Scope of Work, such services shall be deemed performed pursuant to Agreement and these Terms and Conditions shall be binding the same as if the Agreement were fully executed.

Exhibits "D," "E," "F," "G," and "J" at Article 3, ¶7.

42. Lessard invoiced O'Neill for work performed under the contracts. Exhibit "K" (Invoices).

43. O'Neill allowed Lessard to perform the work under the contracts, knowing that Lessard expected to be paid for such services. Notably, O'Neill paid some of the invoices. See Exhibit "C."

44. Payment upon the invoices was due 30 days from the invoiced date. Exhibits "D," "E," "F," "G," and "J" at Article 3, ¶8.

45. It is more than 30 days from the date of the outstanding invoices, and payment for the services rendered is past due. Exhibit "I" (Invoices).

46. O'Neill failed to pay the balance of $247,689.20 invoiced for services rendered, exclusive of interest, penalties, and other costs. See Exhibit "C" (Account Receivable Ledger Sayreville Project). See Exhibit "C" (Account Receivable Ledger Sayreville Project).

47. Under the contract, monthly interest of 1.5% is owed for overdue invoices, as well as fees and expenses related to such legal services:

> Payment is due within 30 days of invoice date. Invoices not paid within 30 days of the invoice date are subject to a service charge of 1.5% per month or portion thereof until paid. Further, should Architect require the services of attorneys to collect invoiced amounts, Client [O'Neill] shall be responsible for fees and expenses related to such legal services.

Exhibits "D," "E," "F," "G," and "J" at Article 3, ¶8.

48. O'Neill has failed to pay the invoices and interest due despite Lessard having performed the contracts in full.

49. Subsequent to O'Neill accumulating the debt with Lessard, O'Neill merged, transferred, or otherwise sold its operations to MLP Ventures.

50. The Bloomberg profile for MLP Ventures provides: "MLP Ventures was formerly known as O'Neill Properties Group, LP. Exhibit "L" (Bloomberg profile of MLP Ventures).

51. The website for O'Neill was www.oneilproperties.com. Exhibit "M" (O'Neill website, about O'Neill).

52. Subsequently, MLP Ventures operated from the same website, www.oneilproperties.com. Exhibit "N" (MLP website, about MLP). In other words, if for example a person were to enter the URL for O'Neill on September 18, 2017, they would find the website for MLP Ventures.

53. The text of the "about section" of MLP Ventures on the website was copied from the "about section" for O'Neill. The only changes to the text are that "MLP" replaced "O'Neill." The "about section" on the O'Neill website provides:

> "Where others see only broken-down buildings, O'Neill sees groundbreaking opportunities." O'Neill Properties Group, LP, founded in 1988 by J. Brian O'Neill, is a leading privately owned real estate development company specializing in identifying and acquiring abandoned or underutilized industrial sites, remediating and transforming them into high-quality, Class A commercial space or luxury multifamily live, work, and play communities.
>
> Behind the straightforward description is the true essence of the company: a unique vision that sees possibilities unimagined by other developers, a driving passion to always exceed expectations, and a powerful commitment to create unified places that improve people's lives. Any developer can build buildings; O'Neill seeks to rebuild whole communities. O'Neill believes in holistic, cooperative community redevelopment for the long-term benefit of residents, municipalities, and investors alike.
>
> With O'Neill's expertise and energy, eyesores become islands of prosperity, cities within a city that lift the quality of life for everyone. O'Neil-built office parks and neo-traditional neighborhoods include features such as gardens, art centers, sports and exercise facilities, playgrounds and day-care centers, walkways and jogging trails, as well as plenty of parking and links to public transportation and major thoroughfares nearby.
>
> In addition to the extensive direct benefits of its developments, O'Neill Properties makes giving back to the community a central part of its

9

operations. O'Neill works with local officials and neighborhood leaders to provide for public open spaces, educational and recreational facilities, support for community service organization, and generous charitable contributions.

Exhibits "M" (O'Neill website, about O'Neill).

Likewise, the "about section" on the MLP Ventures website provides:

"Where others see only broken-down buildings, MLP sees groundbreaking opportunities." MLP Ventures, founded in 1988 by J. Brian O'Neill, is a leading privately owned real estate development company specializing in identifying and acquiring abandoned or underutilized industrial sites, remediating and transforming them into high-quality, Class A commercial space or luxury multifamily live, work, and play communities.

Behind the straightforward description is the true essence of the company: a unique vision that sees possibilities unimagined by other developers, a driving passion to always exceed expectations, and a powerful commitment to create unified places that improve people's lives. Any developer can build buildings; MLP seeks to rebuild whole communities. MLP believes in holistic, cooperative community redevelopment for the long-term benefit of residents, municipalities, and investors alike.

With MLP's expertise and energy, eyesores become islands of prosperity, cities within a city that lift the quality of life for everyone. MLP-built office parks and neo-traditional neighborhoods include features such as gardens, art centers, sports and exercise facilities, playgrounds and day-care centers, walkways and jogging trails, as well as plenty of parking and links to public transportation and major thoroughfares nearby.

In addition to the extensive direct benefits of its developments, MLP Ventures makes giving back to the community a central part of its operations. MLP works with local officials and neighborhood leaders to provide for public open spaces, educational and recreational facilities, support for community service organization, and generous charitable contributions.

Exhibits "N" (MLP website, about MLP).

54. MLP ventures assumed projects and or properties that were previously developed, managed, and/or marketed by O'Neill.

55. The website for O'Neill, as of May 16, 2017, listed among other properties, The Royal Belmont and Uptown Worthington. Exhibit "O" (O'Neill Properties Website).

56. Similarly, the website for The Royal Belmont previously provided: "O'Neill Properties Group presents The Royal Belmont." Exhibit "O" (About The Royal Belmont).

57. Now, however, The Royal Belmont appears on the website for MLP Ventures. Exhibit "Q" (MLP - Royal Belmont Apartments).

58. Just like The Royal Belmont, Uptown Worthington can now be found on the MLP Ventures website. Exhibit "R" (MLP – Uptown Worthington).

59. Furthermore, as of January 9, 2019, the website for MLP Ventures has included a story about the project at issue in this case, the Sayreville project. Exhibit "S" (MLP – Sayreville).

60. Upon information and belief, O'Neill does not have any current employees.

61. Upon information and belief, former employees of O'Neill now work for MLP Ventures.

62. Sharon Sears Slusarski was a "Vice President – Human Resources" for O'Neill from October 2012 to July 2017. Exhibit "T" (Linkedin Profile of Sharon Sears Slusarski).

63. Sharon Sears Slusarski is currently a "Vice President – Human Resources" for MLP Ventures. Exhibit "T" (Linkedin Profile of Sharon Sears Slusarski).

64. Bloomberg provides that O'Neill was located at 2701 Renaissance Boulevard, Fourth Floor, King of Prussia, Pennsylvania 19406. Bloomberg further provides that O'Neill's fax number is 610-337-5599. Exhibit "A."

65. Bloomberg provides that MLP Ventures was located at 2701 Renaissance Boulevard, Fourth Floor, King of Prussia, Pennsylvania 19406. Bloomberg further provides that MLP Ventures' fax number is 610-337-5599. Exhibit "L."

66. In sum, MLP Ventures assumed the office space of O'Neill, the fax number of O'Neill, O'Neill projects, and MLP Ventures assumed employees of O'Neill.

67. MLP Ventures assumed the office space of O'Neill, the fax number of O'Neill, MLP Ventures assumed O'Neill projects, and MLP Ventures assumed employees of O'Neill, all while O'Neill owed Lessard substantial payment.

68. Upon information and belief, MLP Ventures assumed the office space of O'Neill, the fax number of O'Neill, MLP Ventures assumed O'Neill projects, and MLP Ventures assumed employees of O'Neill, all while O'Neill owed entities other than Lessard substantial payment.

## COUNT I

## BREACH OF CONTRACT – O'NEILLL

69. Plaintiff incorporates by reference the averments of paragraphs 1-68 of this Complaint, as fully as though herein set forth at length.

70. O'Neill and Lessard entered into a series of valid contracts for architectural services related to the development of the Sayreville Project for an agreed upon fee.

71. Lessard performed and provided architectural services under the contracts.

72. O'Neill failed to pay the outstanding balance pertaining to 5 of the 9 contracts for the Sayreville Project, and specifically contracts OPG.007A.00D, OPG.007B.00D, OPG.007C.00D, OPG.007D.00D, and OPG.007F.00D. See Exhibit "C" (Account Receivable Ledger Sayreville Project); Exhibit "D" (Contract OPG.007A.00D); Exhibit "E" (Contract OPG.007B.00D); Exhibit "F" (Contract OPG.007C.00D); Exhibit "G" (Contract OPG.007D.00D); and Exhibit "H" (Contract OPG.007F.00D). Included in this amount, O'Neill

failed to pay Addenda OPG.007D.01D and OPG.007D.02D to contract OPG.007D.00D. Exhibits "H" and "I."

73. By failing to pay the outstanding balance pertaining to the contracts for the Sayreville Project, O'Neill breached its contracts with Lessard.

74. O'Neill owes Lessard the remaining balance of $247,689.20, exclusive of interest, penalties, and other costs.

75. O'Neill owes Lessard monthly interest of 1.5% on the overdue invoices, as well as fees and expenses related to such legal services. As of the July 2, 2019, the balance plus interest totals $396,661.14.

76. By failing to pay the amount owed under the contracts for the Sayreville Project, Lessard has sustained damages.

WHEREFORE, plaintiff Lessard Design, Inc., demands that judgment be entered in its favor and against defendant O'Neill Properties Group, L.P., for the invoiced balance of $247,689.20, monthly interest of 1.5% on the overdue invoices, as well as other interest, fees, legal fees, expenses, and such other relief as this Honorable Court may deem appropriate.

## COUNT II

### UNJUST ENRICHMENT - O'NEILL

77. Plaintiff incorporates by reference the averments of paragraphs 1-76 of this Complaint, as fully as though herein set forth at length.

78. O'Neill received the benefit of architectural services performed by Lessard.

79. Allowing O'Neill to receive the benefit of architectural services performed by Lessard without compensation would be unjust.

80. Lessard expected to be compensated for performing the architectural services, and O'Neill expected to compensate Lessard for performing those services, knowing that Lessard did not work for free.

81. O'Neill would be unjustly enriched if it did not have to pay for the benefit of Lessard's architectural services.

WHEREFORE, plaintiff Lessard Design, Inc., demands that judgment be entered in its favor and against defendant O'Neill Properties Group, L.P., for the invoiced balance of $247,689.20, monthly interest of 1.5% on the overdue invoices, as well as other interest, fees, legal fees, expenses, and such other relief as this Honorable Court may deem appropriate.

## COUNT III

## QUANTUM MERUIT - O'NEILL

82. Plaintiff incorporates by reference the averments of paragraphs 1-81 of this Complaint, of this Complaint, as fully as though herein set forth at length.

83. Lessard performed architectural services on behalf of O'Neill in good faith.

84. O'Neill accepted the architectural services performed by Lessard.

85. The amount charged by Lessard for the architectural services was reasonable and must be paid.

WHEREFORE, plaintiff Lessard Design, Inc., demands that judgment be entered in its favor and against defendant O'Neill Properties Group, L.P., for the invoiced balance of $247,689.20, monthly interest of 1.5% on the overdue invoices, as well as other interest, fees, legal fees, expenses, and such other relief as this Honorable Court may deem appropriate.

## COUNT IV

## PROMISSORY ESTOPPEL - O'NEILL

86. Plaintiff incorporates by reference the averments of paragraphs 1-85 of this Complaint, as fully as though herein set forth at length.

87. O'Neill made a clear and definite promise to Lessard to pay for architectural services.

88. The promise of O'Neill to Lessard to pay for architectural services was made with the expectation that Lessard would rely on the promise.

89. Proof of the promise to pay is the fact that O'Neill has paid some of the invoices. See Exhibit "C."

90. Lessard relied on the promise for payment and performed architectural service in reliance on O'Neill's promise of payment.

91. Lessard provided the value of the invoiced amount for services rendered, but remain unpaid by O'Neill.

92. As Lessard performed services in detrimental reliance on O'Neill's promise of payment, it is entitled to be paid and O'Neill is estopped from not paying for the services it was provided.

WHEREFORE, plaintiff Lessard Design, Inc., demands that judgment be entered in its favor and against defendant O'Neill Properties Group, L.P., for the invoiced balance of $247,689.20, monthly interest of 1.5% on the overdue invoices, as well as other interest, fees, legal fees, expenses, and such other relief as this Honorable Court may deem appropriate.

## COUNT V

## ACCOUNT STATED - O'NEILL

93. Plaintiff incorporates by reference the averments of paragraphs 1-92 of this Complaint, as fully as though herein set forth at length.

94. Lessard invoiced O'Neill for the architectural services rendered. Exhibit "K" (Invoices).

95. O'Neill did not dispute the amount of the invoices.

96. A formal written demand was made by Lessard to O'Neill for the full amount of the invoices, along with the then current calculation of interest, which totaled $363,484.20.

97. O'Neill informed Lessard that the demanded amount had been accepted, with a formal "draw" for full payment having been made.

98. No subsequent payment by O'Neill was made to Lessard.

WHEREFORE, plaintiff Lessard Design, Inc., demands that judgment be entered in its favor and against defendant O'Neill Properties Group, L.P., for the invoiced balance of $247,689.20, monthly interest of 1.5% on the overdue invoices, as well as other interest, fees, legal fees, expenses, and such other relief as this Honorable Court may deem appropriate.

## COUNT VI

## SUCCESSOR LIABILITY – MLP VENTURES

99. Plaintiff incorporates by reference the averments of paragraphs 1-98 of this Complaint, as fully as though herein set forth at length.

100. Defendants MLP Ventures Group Holding, LLC, MLP Ventures Group, LLC, MLP Ventures Operations, LLC, MLP Ventures Property Development, LLC, MLP Ventures Property Management II, LLC, MLP Ventures Property Management, LLC, and MLP Ventures,

Inc., herein collectively referred to as "MLP Ventures" is the successor, mere continuation of, *de facto* consolidation of, and/or the result of *de facto* merger of O'Neill Properties Group, L.P.

101. The management of MLP Ventures is substantially the same as management of O'Neill.

102. The ordinary business of O'Neill ceased, and was assumed by MLP Ventures.

103. MLP Ventures assumed liabilities of O'Neill ordinarily necessary for the uninterrupted continuation of the business of O'Neill.

104. There is continuity of key stake holders, including, but not limited to Brian O'Neill.

105. There is continuity of physical location from O'Neill to MLP Ventures.

106. MLP Ventures holds itself out to the public as the successor to O'Neill. Exhibit "L."

107. As of January 9, 2019, the website for MLP Ventures has included a story about the project at issue in this case, the Sayreville project, as if this O'Neill project were a MLP Ventures project. Exhibit "R" (MLP – Sayreville).

108. Upon information and belief, O'Neill intended to avoid creditors, such as Lessard, by continuing its operations through MLP Ventures.

WHEREFORE, plaintiff Lessard Design, Inc., demands that judgment be entered in its favor and against defendant Defendants MLP Ventures Group Holding, LLC, MLP Ventures Group, LLC, MLP Ventures Operations, LLC, MLP Ventures Property Development, LLC, MLP Ventures Property Management II, LLC, MLP Ventures Property Management, LLC, and MLP Ventures, Inc., as the successors to O'Neill Properties Group, L.P., and for the invoiced balance of $247,689.20, monthly interest of 1.5% on the overdue invoices, as well as other

interest, fees, legal fees, expenses, and such other relief as this Honorable Court may deem appropriate.

BILLET & ASSOCIATES, LLC

By: _____
ROBERT DOUGLAS BILLET, ESQUIRE
GREGORY I. DOLSKY, ESQUIRE

2000 Market Street, Suite 2803
Philadelphia, PA  19103-3201
215-496-7500/fax 7505
rbillet@billetlaw.com
gdolsky@billetlaw.com

Attorneys for plaintiff Lessard Design, Inc.
